UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CASE NUMBER: 12-20269
                                                 HONORABLE VICTORIA A. ROBERTS

v.

D-1, GLENN ENGLISH,
D-4, DONALD BERRY,
D-5, FELICIA MARSH,

        Defendants.
_____/

**ORDER REGARDING DEFENDANTS' MOTIONS TO MODIFY BOND**

      Before the Court are Defendants' Motions to Modify Bond. (Doc. #s 44, 46, 50). Defendant Glenn English is charged with one count of conspiring to commit health care fraud and five counts of health care fraud. Defendants Donald Berry and Felicia Marsh are charged with conspiring to commit health care fraud. Magistrate Judge Mark A. Randon ordered them released on bond pending trial, imposing various conditions of release. One condition, imposed on all three, is that they avoid contact with Medicare/Medicaid beneficiaries. Defendants ask the Court to modify or remove this condition. The Court reviewed Magistrate Judge Randon's release orders pursuant to 18 U.S.C. § 3145(a)(2). To the extent Defendants request removal of this condition in its entirety, their Motions are **DENIED**.

      However, the Court amends the release orders to indicate Defendants shall have no contact with Medicare/Medicaid Beneficiary Information–rather than

Medicaid/Medicare beneficiaries–except to the extent that they and their counsel must review that information to prepare for trial. Hopefully, this will alleviate Defendants' concerns regarding maintaining employment and their ability to interact with family members (and defense counsel) receiving Medicare.

Defendants Marsh and Berry both social workers, and the Government alleges they allowed their Medicare provider identification numbers (PINs) to be used to defraud the Medicare program. Because of the nature of the charge and allegations in the Indictment, the Court will maintain the condition that these Defendants may not use, or permit the use of, their PINs to bill Medicare. Nor may they order items or services for a Medicare beneficiary that might later be used to bill Medicare. Depending on the nature of their jobs, this may or may not restrict their access to not only Medicare beneficiary information, but also to Medicare beneficiaries themselves. In either case, this condition will remain in place. Of course, Defendants may maintain contact with family members, friends, and defense counsel who receive Medicare, so long as they do not allow their PINs to be used to bill Medicare in connection with these relationships. However, to the extent their current employment requires the use of their Medicare PINs, or requires them to order tests and services that may later be used to bill Medicare, Defendants cannot maintain that employment and must search for other work.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 16, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 16, 2012.<br><br>S/Linda Vertriest<br>Deputy Clerk |